**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **AMY GARCIA, Individually and as Next Friend of G.G. and A.G., Minor Children, and RICARDO GARCIA,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**SALVADOR AGUILERA MORA d/b/a AGUILERA TRUCKING and JOSE MEDINA LOPEZ,**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.**<br>**DR-26-CV-00050-AM-JAC** |

**ORDER TO FILE RULE 7.1 DISCLOSURE STATEMENT**

Rule 7.1 of the Federal Rules of Civil Procedure states:

> (2) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> > A. when the action is filed in or removed to federal court, and
> >
> > B. when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2). "The time to file the disclosure statement is with a party's first appearance, pleading, petition, motion, response, or other request addressed to the court . . . ." Fed. R. Civ. P. 7.1(b)(1).

The parties have not submitted a Rule 7.1 disclosure statement. This statement is especially important in this case, where neither the notice of removal nor Plaintiff's state court petition

clarifies the parties' citizenship.[1] It is therefore **ORDERED** that the parties file Rule 7.1 disclosure statements no later than **NOVEMBER 16, 2026,** clarifying their citizenships.

**SIGNED** this 29th day of October, 2026.

JOSEPH A. CORDOVA
UNITED STATES MAGISTRATE JUDGE

---

[1] At most, the Court can glean that Plaintiffs *reside* in Texas and Defendant Jose Medina Lopez *resides* in California. However, [f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974); *Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 448 (5th Cir. 2003); *Strain v. Harrelson Rubber Co*., 742 F.2d 888, 889 (5th Cir. 1984) ("It is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship.").

As for Defendant Salvador Aguilera Mora d/b/a Aguilera Trucking, Defendant simply states that Aguilera Trucking's principal place of business is in California. Defendant gives no indication as to what the citizenship of Salvador Aguilera Mora is, or the type of entity that Aguilera Trucking is and the citizenship of its members, if any. (Notably, a business's principal place of business is only relevant in determining the citizenship of a corporation.)